# In the United States Bankruptcy Court for the District of Maryland

In re:

**DONNA J. COHEN** *and*
**NEAL SCULLY,**

    *Debtors*.

Bankruptcy No. 09-3-4515 JS

Chapter 11

**DEBTORS' FIRST AMENDED CHAPTER 11 PLAN DATED JANUARY 16, 2012**

## I.
## INTRODUCTION

**DONNA J. COHEN** and **NEAL SCULLY** ("Debtors") **are** the Debtors-in-Possession in this Chapter 11 bankruptcy case. On December 15, 2009, Debtors commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §§ 101 *et seq*. This document is the Chapter 11 Plan ("Plan") proposed by Debtors ("Plan Proponents"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan. This is a reorganizing plan. In other words, the Proponents seek to accomplish payments under the Plan by re-organizing their affairs so as to make the payments provided for under the Plan. The Effective Date of the proposed Plan is the fifteenth (15th) day after entry of the order confirming this Plan (or the first business day thereafter if such day falls on a weekend or holiday).

## II.
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A. General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

### B. Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponents have not placed the following claims in a class. The treatment of these claims is provided below.

**1. Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtors' § 507(a)(1) administrative claims and their treatment under this Plan.

| **Name** | **Amount Owed** | **Treatment** |
| --- | --- | --- |
| Chung & Press, LLC | $15,000 (est.) | Paid in full upon approval of a fee application by the Court. The fee advance of $15,000 is to be applied to any such award. |
| Clerk's Office Fees | $0.00 | N/A |
| U.S. Trustee Fees | $0.00 | Paid as incurred |
| Total | $15,000 (est.) | |

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

**2.  Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the date of the Order for Relief herein in a manner not less favorable than the most favored nonpriority unsecured claim provid-

ed for by the Plan (other than cash payments made to a class of creditors under Section 1122(b)). The following chart lists all of the Debtors's Section 507(a)(8) priority tax claims and their treatment under this Plan.

| Description | Amount Owed | Treatment |
|---|---|---|
| Internal Revenue Service (priority portion) (Claim No. 14) | $5,805.17 | To be paid in full over 60 months from the date of filing, with interest pursuant to IRC § 6621 from the Effective Date. |
| State of Maryland (priority portion) (Claim No. 21) | $4,248.00 | To be paid in full over 60 months from the date of filing, with interest at the statutory rate from the Effective Date. |
| Total | $10,053.17 | |

**C.    Classified Claims and Interests**

**1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this Plan. With respect to any secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under Section 507(a)(8) but for the secured status of that claim, the holder of that claim will receive on account of that claim cash payments in the same manner and over the same period as prescribed in Paragraph B–2 above. Holders of secured claims in classes B-2, B-3 and B-4 shall retain their liens to the extent of the allowed amount of their secured claim.

| Class # | Description | Insiders? | Impaired? | Treatment |
|---|---|---|---|---|
| B-1a | U.S. Bank, National Association (lien on 206 142nd Street, Ocean City, Maryland) (Claim No. 9) | No | No | Property to be surrendered and deficiency claim, if any, to be treated for all purposes, including voting, as a general unsecured Class C claim. Any deficiency claim must be filed before the Effective Date. |
| B-1b | Bank of America, N.A. (second lien on 206 142nd Street, Ocean City, Maryland) (Claim No. | No | No | Property to be surrendered and deficiency claim, if any, to be treated for all purposes, including voting, |

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 408
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 3 –

| | | | | |
|---|---|---|---|---|
| | 15) | | | as a general unsecured Class C claim. |
| B-2 | EMC Mortgage (lien on 7734 Briarstone Court, Ellicott City, Maryland) (Claim No. 8) | No | Impaired; claims in this class are entitled to vote on Plan. | Arrearage claim in the amount of $8,182.75, shall be paid in full, without interest, in equal quarterly cash payments commencing 90 days after the Effective Date of the Plan, and continuing for five (5) years from such date. Debtors shall continue to make their regular monthly post-petition payments pursuant to the loan documents. |
| B-3 | U.S. Bank, N.A., Trustee (lien on 4607 Atlantic Avenue, Ocean City, Maryland) (Claim No. 5) | No | Impaired; claims in this class are entitled to vote on Plan. | Arrearage claim in the amount of $19,291.79, shall be paid in full, without interest, in equal quarterly cash payments commencing 90 days after the Effective Date of the Plan, and continuing for five (5) years from such date. Debtors shall continue to make their regular monthly post-petition payments pursuant to the loan documents. |
| B-4 | HSBC Bank, USA, N.A., as Trustee (lien on 4607 Atlantic Avenue, Ocean City, Maryland) (Claim No. 2) | No | Impaired; claims in this class are entitled to vote on Plan. | The property securing the lien shall be valued under 11 U.S.C. § 506(a) at $575,000.00 as of the Effective Date of the Plan. If the holder of the Class B-4 Claim disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by Debtors will be determined to be the value of the collateral. As the prior lien (Class B-3, Claim No. 5) is valued at $344,239.79, the Class B-4 |

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 408
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 4 –

| | | | | |
|---|---|---|---|---|
| | | | | Claim shall be valued at $30,760.21. The balance of the claim shall be treated for all purposes, including voting, as an unsecured Class C claim. This claim will be satisfied in full on the effective date of the Plan by delivering to Ocwen a substitute Note, which shall be secured by the existing deed of trust. The Note shall bear interest at 4.25% per annum, and shall fully amortize the principal balance of $30,760.21 over 30 years (360 monthly payments of $151.32), except if this Class votes in favor of the Plan, the interest rate shall be 4.5%, for 360 monthly payments of $155.86. Upon delivery of the Note, the existing note shall be deemed satisfied. |
| B-5 | Bank of America (liens on 7734 Briarstone Court, Ellicott City, Maryland) (Claims No. 6 and 7) | No | Impaired; claims in this class are entitled to vote on Plan as a Class C Creditor. | The property securing the liens shall be valued under 11 U.S.C. § 506(a) at $500,000.00 as of the Effective Date of the Plan. As the prior lien exceeds the fair value of the property, these claims will be treated for all purposes, including voting, as Class C claims, and any deeds of trust securing such claims shall be deemed void under 11 U.S.C. § 506(d) upon the Effective Date. The Debtors may file a notice that any liens related to such claims have been avoided in the Howard County Circuit Court Land records. If the holder of these claims dis- |

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 408
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 5 –

| | | | | |
|---|---|---|---|---|
| | | | | putes this valuation of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the values stated by Debtors will be determined to be the value of the collateral and the claims will be deemed wholly unsecured. |
| B-6 | Ocean Colony Condominium Association (lien against 4607 Atlantic Avenue, Ocean City) (No Proof of Claim filed) | No | Impaired; claims in this class are entitled to vote on Plan as a Class C Creditor. | The property securing the lien shall be valued under 11 U.S.C. § 506(a) at $575,000.00 as of the Effective Date of the Plan. As the prior lien exceeds the fair value of the property, these claims will be treated for all purposes, including voting, as Class C claims, and any deeds of trust securing such claims shall be deemed void under 11 U.S.C. § 506(d) upon the Effective Date. The Debtors may file a notice that any liens related to such claim have been avoided in the Howard County Circuit Court Land records. If the holder of this claim disputes this valuation of the collateral and contends that it is not wholly unsecured, it must timely file an objection to confirmation, or the value stated by Debtors will be determined to be the value of the collateral and the claim will be deemed wholly unsecured. |

**2.   Classes of Priority Unsecured Claims**

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 408
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 6 –

There are no priority claims that are referred to in Code Sections 507(a)(1), (4), (5), (6), and (7).

**3.   Class of General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing all of Debtors's general unsecured claims:

| Class# | Description | Impaired? | Treatment |
|---|---|---|---|
| 6 | General unsecured claims. Includes Classes B-5 and B-6, and the unsecured deficiency claims of Classes B-1a, B-1b and B-4, if any. | Impaired; claims in this class are entitled to vote on the Plan. | One (1) payment of $1,000.00 to be paid in full on the Effective Date of the Plan, pro rata to the holders of Class C claims. |

**4.   Class(es) of Interest Holders**

As the Debtors are individuals, there are no interest holders.

**D.   Means of Performing the Plan**

**1.   Funding for the Plan**

The Plan will be funded by the following: Employment and rental income earned by Debtors.

**2.   Post-confirmation Management**

The post-confirmation management of Debtors will be the same as current management, including its legal and fiscal advisors.

### III.
### TREATMENT OF MISCELLANEOUS ITEMS

**A.   Executory Contracts and Unexpired Leases**

There are no executory contracts or unexpired leases to be assumed or rejected other than the auto lease claim from GMAC. To the extent not previously deemed rejected by the order granting relief from the automatic stay, such release is rejected as of the Effective Date of this Plan.

The order confirming the Plan shall constitute an order approving the rejection of such lease or contract. If you are a party to a contract or lease to be rejected and you ob-

CHUNG & PRESS, LLC
6404 IVY LANE SUITE 408
GREENBELT, MD 20770
(301) 924–4400
lawyer@brettweiss.com

– 7 –

ject to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THE EFFECTIVE DATE OF THIS PLAN. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.     Changes in Rates Subject to Regulatory Commission Approval**

N/A

**C.     Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

### IV.
### EFFECT OF CONFIRMATION OF PLAN

**A.     Discharge**

Upon payment in full of proposed plan payments to the unsecured creditors and cure of the Class B-2 and B-3 arrearages, Debtors shall be discharged of liability for payment of debts incurred before confirmation of the Plan to the extent specified in 11 U.S.C. § 1141. However, the discharge will not discharge any liability imposed by the Plan.

**B.     Modification of Plan**

The Proponents of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponents of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

**C.     Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponents, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

A. Upon completion of all payments due to Class C and E creditors and priority tax claims, the Debtor shall be entitled to a discharge of and from all debts dischargeable under § 1141(d) of the Code (which shall include the Class B and D claims). The payments on the Class B and D claims shall not be deemed payments under the plan for purposes of § 1141(d)(5)(A).

B. Upon substantial consummation of the plan, the case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge.

C. No creditor may take any collection action against Debtor or property of the estate or of the Debtor so long as Debtor is not in Material Default in performing his obligations to such creditor under the Plan.

D. On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan.

E. Except as specifically provided in this Plan, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under state law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

Date: January 16, 2012

Respectfully Submitted,

CHUNG & PRESS, LLC

By:      /s/ Brett Weiss
    BRETT WEISS, #02980
    6404 Ivy Lane, Suite 408
    Greenbelt, Maryland 20770
    (301) 924–4400
    lawyer@brettweiss.com