

**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Bankruptcy No. 09-3-4515 JFS |
| **DONNA COHEN** *and* **NEAL SCULLY,** | Chapter 11 |
| *Debtors.* | **ORDER CONFIRMING CHAPTER 11 PLAN** |

**UPON CONSIDERATION** of the Chapter 11 Plan of Reorganization (the "Plan", Docket No. 81, as amended by Docket No. 112) filed by Donna Cohen and Neal Scully (the "Debtors"); and any objections thereto (the objection of Capitalbanc Mortgage Corporation having been withdrawn); and upon consideration of the evidence and arguments presented to the Court at a hearing held on July 23, 2012, and it appearing that the relief granted herein is in the best interests of the bankruptcy estate, its creditors and other parties in interest; and upon due deliberation, good and sufficient cause appearing,

**IT IS HEREBY FOUND THAT:**

  A. The Debtor properly served the Plan, the related Disclosure Statement, an applicable ballot, the Order Approving Disclosure Statement and Notice of Hearing on Confirmation of the Plan on all creditors and other parties in interest consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules;

  B. Notice of the hearing on confirmation of the Plan was proper and no further notice is required.

  C. All parties in interest have had the opportunity to object to the relief granted by this Order.

  D. The Plan, as modified herein, satisfies all of the requirements of Sections 1123 and 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. To the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated on the record of the hearing, all such objections are hereby OVERRULED.

2. As the modifications to the Plan as set forth in this Order have no adverse impact on creditors, no further notice or disclosure is required.

3. The Debtors' Chapter 11 Plan dated January 16, 2012 is CONFIRMED as modified as set forth herein (amendments in bold type):

    A. Section IV is amended by striking the existing paragraph dealing with the Class B-3 creditors and substituting therefor the following language:

    Class B-3 (impaired claim). The pre-petition arrearage claim of US Bank, N.A. (Claim No. 5), which is secured by 4607 Atlantic Avenue, Ocean City, Maryland 21843 **(a/k/a 13 37th Street, Ocean City, MD 21842)**, in the amount of $19,291.79, shall be paid in full, without interest, in equal quarterly cash payments commencing 90 days after the Effective Date of the Plan, and continuing for five (5) years from such date, unless a different treatment is agreed to or provided for in the Plan. **Post-petition payments, including escrows, if any, shall continue to be made pursuant to the terms of the original loan documents.** US Bank, N.A. shall retain its lien.

    B. Section IV is amended by striking the existing paragraph dealing with the Class C creditors and substituting therefor the following language:

    C. <u>Class C (General Unsecured Claims).</u> C. Class C (General Unsecured Claims). Class C claims shall consist of all general unsecured claims. Holders of Class C claims shall be paid, *pro rata,* a total of **$8,000.00, from the funds contributed under Section XII(C)**, to be paid in full on the Effective Date. Confirmation of the Plan shall serve to release any holder of a Class C claim as of the Petition Date of any claim or cause of action against such holder (other than defenses of setoff or recoupment). The *pro rata* share of the claimed amount of any claims which are then subject to objections as to which a Final Order has not been entered shall be deposited in an interest bearing bank account until a Final Order is entered. When Final Orders are entered disallowing or allowing and liquidating all Class C claims, the remaining funds in the bank account shall be distributed to the holders of all Class C claims pro rata. Payments on Class C claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. Any check mailed to the proper address and returned by the post office as undeliverable, or not deposited within 180 days, shall be void and the funds may be retained by the Debtors. This class is impaired.

    C. Section XII is amended by adding the following new paragraph C:

    **C. On the Effective Date of the Plan, the Debtors' existing equity interests in the Estate shall be cancelled. Debtors will pay the sum of $8,000.00 as new value to reacquire the equity in the Estate, which new sum will come from IRA/retirement funds listed in Schedule B which are exempt and/or not property of the Estate. A total of $10,000.00 shall**

**be withdrawn from such funds, and that amount less the $2,000.00 tax withholding on such withdrawal (net $8,000.00) will be paid to the General Unsecured Class C Creditors.**

      4.    The Debtors are authorized and empowered to issue, execute and deliver such documents and instruments and to take such action as may be necessary to implement the Plan and the actions authorized by this Order.

      5.    Notwithstanding anything to the contrary, this Court retains jurisdiction in this bankruptcy case in accordance with the provisions set forth in Article V of the Plan.

cc:    Debtors
       Counsel for Debtors
       U.S. Trustee
       All creditors and parties in interest

END OF ORDER