IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>**DONNA COHEN** *and*<br>**NEAL SCULLY,**<br><br>*Debtors*. | Case No. 09-3-4515 JS<br><br>Chapter 11<br><br>**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF COUNSEL FOR DEBTORS** |

**NOW COMES** Chung & Press, LLC ("Applicant"), counsel for Debtors, and makes this First and Final Application for Compensation and Reimbursement of Expenses ("Application"). In support of the Application, the Applicant states as follows:

*Background*

1. Before filing the Chapter 11 Petition herein, Donna Cohen and Neal Scully ("Debtors") employed Applicant as counsel to review the facts and circumstances surrounding their then-current financial circumstances and to determine whether a bankruptcy filing would be in their best interest. Debtors also retained Applicant to represent them throughout the Bankruptcy Proceeding.

2. On December 15, 2009, Debtors, through Applicant, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The primary causes of the filing were reduced income and housing prices resulting from the economic downturn.

3. On January 15, 2010 the Order Granting Application to Employ Applicant was entered at Docket No. 18.[1] The Debtors' Chapter 11 Plan was confirmed on August 3, 2012.

*Application*

4. Applicant submits this First and Final Application for Compensation and Reimbursement of Costs and Expenses for its efforts in representing the Debtors between October 15, 2009 and August 17, 2012.[2]

---

[1] The Order granted the Application as to Brett Weiss, Esquire and Joseph, Greenwald & Laake, PA. Mr. Weiss left Joseph, Greenwald & Laake, PA in 2010, and has continued the representation of the Debtors with his new firm, Chung & Press, LLC, since that time.

5.     The services for which compensation and expenses are sought herein have not been the subject of a prior fee application. All professional services for which allowance of compensation is requested were performed by Applicant for and on behalf of the Debtors and not on behalf of any other person or entity. Attached and incorporated herein as Exhibit A is a detailed breakdown of services rendered to the Estate reflecting time charges at the hourly rate of the respective attorneys and professional staff of Applicant (the "Statement"). The Statement reflects the date, the description of services on behalf of the Estate and the identity of the professional staff member performing such services.[3] The rates charged by the Applicant are the rates customarily charged on routine, non-complicated matters, without considering the size of the case and the degree of responsibility, difficulty, complexity and results achieved. The Statement reflects total time charges of Twenty-eight Thousand Six Hundred Seventy-seven Dollars ($28,677.00) for services related to representation, and out-of-pocket expenses advanced in the amount of Six Hundred Eighty-eight and 80/100 Dollars ($688.80). Applicant does not seek compensation for the time expended in preparing this Application.[4] Pursuant to Local Bankruptcy Rule 2016–1, Applicant has prepared this Application in accordance with the Compensation Guidelines for professionals in the United States Bankruptcy Court for the District of Maryland (the "Compensation Guidelines").

*Compensation Guidelines Analysis*

6.     With respect to the Compensation Guidelines, Applicant submits that the following standards have been complied with, or are being complied with, in this Application.

(a)    The Statement represents a detailed statement of the services rendered, time expended and expenses incurred in the course of providing professional services to the Debtors.

---

[2] Applicant recognizes that this Fee Application is being filed extraordinarily late. It was not until Counsel reviewed his file in connection with filing the Motion for Final Decree that he realized that the Fee Application had not previously been filed, as is normal, shortly after confirmation of the Debtors' Plan. As a result, Counsel has agreed not to seek any fees or costs over the funds currently being held in escrow, $18,919.34.
[3] If no identification is indicated, the services were provided by Brett Weiss, Esquire.
[4] The Applicant is currently holding in escrow the sum of $ $18,919.34. Any fees or costs in excess of this amount are waived.

– 2 –

(b) The Statement reflects total time charges of Twenty-eight Thousand Six Hundred Seventy-seven Dollars ($28,677.00) for services related to the representation of the Debtors from October 15, 2009 and August 17, 2012, plus out-of-pocket expenses advanced in the amount of Six Hundred Eighty-eight and 80/100 Dollars ($688.80).

(c) Applicant believes that the services rendered were necessary and beneficial to the Debtors and the Debtors' estate.

(d) Applicant hereby confirms that it has reviewed the time and expenses for which compensation is sought in this Application and believes such compensation to be reasonable.

(e) Brett Weiss' hourly rate during the course of representation was $395.00 per hour. Daniel Press' hourly rate (reflected by the initials "dp" on the invoice) during the course of representation was $395.00 per hour.[5]

7. The Compensation Guidelines require Applicant to categorize the major tasks performed in the course of representing the Debtors. Applicant has performed the following three major tasks during this case through August 17, 2012:

(a) Initial Services (including pre-petition work, first day motions, the IDI and Meeting of Creditors);

(b) Disclosure Statement/Chapter 11 Plan and related issues; and

(c) General Representation/Advisement.

A more detailed description of these matters is as follows:

(a) ***Task One: Initial Services.***

Applicant was first contacted by the Debtors before filing to discuss ways to deal with their two rental properties, one of which had substantial pre-petition arrearages, and their home, which also had pre-petition arrearages and had secured debt that was substantially greater than its value. After discussing the matter and reviewing material provided by the Debtors, the decision was made to file for relief under Chapter 11. The Petition, Schedules and Statement of Financial Affairs were prepared and filed.

---

[5] Counsel's hourly rate increased during the course of this case, but Applicant did not increase the rate charged the Debtors from that which had originally been agreed to.

– 3 –

Applicant prepared the Debtors for the Initial Debtors Interview and the Meeting of Creditors, and attended the Initial Debtors Interview and the Meeting of Creditors with the Debtors on January 20, 2010.

| **Attorney** | **Rate** | **Hours** | **Amount Billed** |
|---|---|---|---|
| Brett Weiss | $395/hr. | 11.60 | $4,582.00 |

(b)  *Task Two: Disclosure Statement/Chapter 11 Plan.*

The major task in this case was the preparation of multiple Disclosure Statements and Plans and attempts to obtain confirmation of the Debtors' Plan. Negotiations were held with a number of the Debtors' creditors to craft acceptable Plan terms. Additionally, *In re Maharaj,* 681 F.3d 558 (4th Cir. 2012) was issued pre-confirmation, which required an amendment to deal with the absolute priority rule. The Debtors' Chapter 11 Plan was ultimately confirmed on August 3, 2012.

| **Attorney** | **Rate** | **Hours** | **Amount Billed** |
|---|---|---|---|
| Brett Weiss | $395/hr. | 43.30 | $17,103.50 |
| Daniel Press | $395/hr. | 6.50 | $2,567.50 |
| **Total** | | 49.80 | **$19,671.00** |

(d)  *Task Three: General Representation/Advisement.*

Two Motions for Relief from the Automatic Stay were filed by auto lenders in this case. As the intent was to surrender the collateral, apart from notice to the Debtors and a "non-objection" response, little work was required to deal with these Motions, both of which were granted. During the course of the case, Applicant has spent time discussing with the Debtors various matters related to the bankruptcy, some tax issues, MORs, and discussing strategy and procedure throughout the course of the case.

| **Attorney** | **Rate** | **Hours** | **Amount Billed** |
|---|---|---|---|
| Brett Weiss | $395/hr. | 11.20 | $4,424.00 |

*Summary of Tasks and Amount Billed*

| *Task* | *Hours* | *Amount Billed* |
|---|---|---|

| | | |
|---|---:|---:|
| Initial Services | 11.60 | $4,582.00 |
| Disclosure Statement/ Confirmation Issues | 49.80 | $19,671.00 |
| General Representation/Advisement | <u>11.20</u> | <u>$4,424.00</u> |
| TOTAL | 72.60 | $28,677.00 |

### *Lodestar Analysis*

8. Using the lodestar factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216 (4th Cir. 1978) and *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985), Applicant submits the following analysis:

(a) *Time and Labor Expended*. Applicant's detailed Statement of Services/Invoice is attached as Exhibit A. Applicant has conscientiously reviewed the Statement for duplicative or unnecessary entries and has previously removed or adjusted any such entries.

(b) *Skill Required to Properly Perform Legal Services Rendered*. In Applicant's judgment, the representation of the Debtors has been reflective of the skill of Applicant and its staff. Conducting the case so as to allow the Debtors the maximum time to recover from the economic downturn, particularly Ms. Cohen's real estate business, allowed them the opportunity to attempt to address their debt issues through a Chapter 11, rather than through a Chapter 7.

(c) *Counsel's Opportunity Costs in Presenting the Instant Litigation*. Applicant is a small practice, and represents both consumer and commercial debtors in bankruptcy. Due to the time expended in the representation of the Debtors herein, Applicant was unable to represent as many clients as he would otherwise have been able to.

(d) *Customary Fees for Like Work*. Applicant's rates are, on information and belief, consistent with or less than rates charged by other experienced bankruptcy counsel in similar matters.

(e) *Counsel's Expectation at the Outset of the Case*. As in all bankruptcy cases, there is no guaranty as to the outcome. It was hoped that the Debtors' income would increase, which ultimately allowed them to confirm and fund the Chapter 11 Plan.

(f) *Time Limitations*. This has not been a significant issue in this case.

(g) *Amount in Controversy and Result Obtained*. This has not been a significant issue in this case.

(h) *Experience, Reputation and Ability of Counsel*. Applicant submits that it is well respected by the bench and bar of this Court, and the courts of neighboring jurisdictions. Applicant submits that as a result of its experience in bankruptcy matters, Applicant performed legal services required in representing the Debtors with a high degree of confidence and with an economy of time as compared to the amount of time which would have been required by lesser experienced counsel.

(i) *Undesirability of Case*. This has not been a significant issue in this case.

(j) *Professional Relationship with Client*. Applicant had no previous relationship with the Debtors before being retained in the within matter. Applicant has no relationship or connection with the Chapter 11 Trustee, creditors or any other parties in interest, or their respective attorneys in this bankruptcy proceeding, except as previously disclosed and as the result of professional involvement with them in other, unrelated, cases. As a result, this factor is not a significant element in this proceeding.

(k) *Fee Awards in Similar Cases*. Applicant believes that the compensation sought in this Application is reasonable and is not inconsistent with fees awarded in similar cases.

9. No agreement exists between Applicant and any person other than members of the Applicant's law firm for the sharing of compensation received for services rendered in connection with this case. Applicant submits that the fees requested are appropriate under the circumstances of this case.

**WHEREFORE,** Applicant prays that

A. It be awarded total compensation for time expended in the amount of Twenty-eight Thousand Six Hundred Seventy-seven Dollars ($28,677.00), and expenses

advanced in the amount of Six Hundred Eighty-eight and 80/100 Dollars ($688.80), for a total of Twenty-Nine Thousand Three Hundred Sixty-five and 80/100 Dollars ($29,365.80); and

    B.    Such sum be allowed to be paid as an administrative expense immediately following this Court's approval from sums being held in Applicant's escrow account, with any sums in excess of this amount being waived; and

    C.    The Court order such other and further relief as it deems just and proper.

    Respectfully Submitted,

    CHUNG & PRESS, LLC

    By: _____/s/ Brett Weiss_____
    BRETT WEISS, #02980
    6404 Ivy Lane, Suite 730
    Greenbelt, Maryland 20770
    (301) 924-4400
    lawyer@brettweiss.com

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing document was delivered electronically via ECF and/or first class mail this 3rd day of February, 2016, to: Office of the U.S. Trustee, Donna Cohen and Neal Scully, 7734 Briarstone Court, Ellicott City, Maryland 21043.

    \_\_\_\_\_/s/ Brett Weiss_____
    BRETT WEISS